### UNITED STATES v. S. TWITCHELL CO.

(District Court, E. D. Pennsylvania. January 30, 1911.)

#### No. 7.

1. INTERNAL REVENUE (§ 9*)—DISTILLED SPIRITS—"RECTIFYING, PURIFYING, AND REFINING."

Defendant manufactured a ginger ale paste used for making ginger ale. The paste was manufactured by placing a quantity of ginger in a percolator and adding alcohol. The oleoresin thus obtained from the ginger containing unnecessary alcohol was distilled and the alcohol separated. This alcohol was of a low grade and was charged with ginger essence so as not to be commercially salable and could not be used except in repeating the process of extracting oleoresin from ginger root and in the manufacture of flavors. Held, that defendant in so distilling the alcohol was engaged in the business of rectifying, purifying, and refining distilled spirits within Rev. St. § 3244 (U. S. Comp. St. 1901, p. 2096), imposing an internal revenue tax on every person so engaged.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 7, p. 6022.]

2. INTERNAL REVENUE (§ 9*)—REFINING AND RECTIFYING SPIRITS—STATUTES —CONSTRUCTION.

Rev. St. § 3244 (U. S. Comp. St. 1901, p. 2096), provides that every person, who rectifies, purifies, and refines distilled spirits by any process other than by original and continuous distillation from mash, wort, or wash, through continuous closed vessels and pipes until the manufacture thereof is complete, shall be regarded as a rectifier and being engaged in the business of rectifying. Held, that the phrase "through continuous closed vessels and pipes until the manufacture thereof is complete" refers to the exception, to wit, "other than by original and continuous distillation from mash, wort or wash through continuous vessels and pipes until the manufacture is complete," and not to "every person who rectifies, purifies or refines distilled spirits or wines by any process."

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. STATUTES (§ 219*)—CONSTRUCTION—EXECUTIVE OFFICERS.

A uniform practice by the Internal Revenue Department as the result of a construction put on a doubtful statute will be given great weight with the court in construing it, and, where the practice has been followed for a long time, the court will accept the Department's interpretation as a proper one.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 296, 297; Dec. Dig. § 219.*]

4. INTERNAL REVENUE (§ 9*) — DISTILLATION OF SPIRITS — MANUFACTURE OF EXTRACTS—"APOTHECARIES."

A distiller of alcohol from oleoresin, obtained from ginger root in the manufacture of a ginger ale paste, which alcohol so obtained was again used in obtaining ginger extract by percolation, was not engaged in business as an "apothecary" and was not exempt from liability for internal revenue taxation as a rectifier, purifier, or refiner of distilled spirits by Rev. St. § 3246 (U. S. Comp. St. 1901, p. 2103), exempting apothecaries from liability for taxation for the distillation of spirits used exclusively in the preparation of medicines.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 1, pp. 438, 439.]

At Law. Action by the United States against the S. Twitchell Company. Verdict for plaintiff, and defendant moves for judgment non obstante veredicto. Denied.

John C. Swartley, Asst. U. S. Dist. Atty.
Francis S. Chapman, for defendant.

HOLLAND, District Judge. This suit was instituted by the government to recover the sum of $174.99, with interest from the 1st day of December, 1908, being a special internal revenue tax and penalty prescribed by section 3244, Rev. St. (U. S. Comp. St. 1901, p. 2096), to be paid by all persons engaged in the business or occupation of "rectifying, purifying and refining" distilled spirits.

The case, with three others, was tried before the same jury, and witnesses called both by the government and the defendants. At the close of the trial, however, the facts were practically agreed upon in all the cases, and, as to the defendant, the facts are as follows:

The S. Twitchell Company is a corporation engaged in the business of manufacturing chemists and manufacturers of bottlers' supplies, and part of its business was the manufacture, in the usual way, and sale (in quantities some times more and some times less than five gallons) of flavoring extracts, commonly called "flavors," which were sold and used to flavor soda water.

The defendant also manufactured a preparation known as "World's Challenge Ginger Ale Paste," used for making a ginger ale suitable for high-class trade, and in its manufacture oleoresin of ginger is used, which is secured in the following way: A quantity of ginger is placed in an apparatus known as a percolator, and there is added thereto a quantity of alcohol. The percolator is then allowed to stand a sufficient time to exhaust or extract the oleoresin of ginger from the root. The oleoresin thus obtained from the ginger root contains unnecessary alcohol, and for the purpose of separating the oleoresin,

which is thereafter to be so used in preparation of paste, from the alcohol, the liquid from the percolator is placed in a still, and the alcohol is separated from the oleoresin by means thereof. The alcohol so distilled and so used in extracting oleoresin from the ginger root is not a necessary part of the finished oleoresin and is not sold therein. After the process of percolation described has been completed and the oleoresin in the ginger root has been exhausted, there still remains in the residuum, which is a fibrous mass capable of being handled with a shovel or other tool, a quantity of alcohol which is recovered from the fibrous mass by means of a still. The alcohol so separated from the oleoresin and from the fibrous mass remaining in the still after the completion of the process of percolation is less in quantity and lower in grade than that placed in the receptacle with the ginger root originally, and is so charged with the ginger essence as to be commercially unsalable and is not sold by defendant, nor used in any manner save and except in the further process of extracting oleoresin from other ginger root in the same manner and in the manufacture of flavors. It is recovered in quantities less than 500 barrels in each year and is not capable of being drunk and is not drunk as a beverage by reason of the fact that it is so charged with said ginger essence. In this process the alcohol is used as a mechanical means to secure the oleoresin and is the means in general use.

The court gave binding instructions in favor of the government, and the jury accordingly rendered a verdict against the defendant. Whereupon, this motion, under the Pennsylvania practice act, for judgment non obstante veredicto, was duly filed, and the question for decision on the above facts is whether the defendant company is a "rectifier" as defined by section 3244 of the Revised Statutes. The first part of this section, which alone is applicable to the case, is as follows:

"Every person who rectifies, purifies or refines distilled spirits or wines by any process other than by original and continuous distillation from mash, wort or wash, through continuous closed vessels and pipes until the manufacture thereof is complete * * * shall be regarded as a rectifier, and as being engaged in the business of rectifying."

Counsel for this defendant holds that the phrase "through continuous closed vessels and pipes until the manufacture thereof is complete" refers to "every person who rectifies, purifies or refines distilled spirits or wines by any process"; whereas, the proper reading of the section applies it to the exception, to wit, "other than by original and continuous distillation from mash, wort or wash through continuous vessels and pipes until the manufacture thereof is complete," which is the process of distillation and for which the distiller's license is paid.

This is the view taken by Dr. Sadler, who testified at the trial of these cases, in answer to the following questions submitted to him:

"Q. I desire to submit this definition of a 'rectifier' as given here by the act of Congress, and ask you to describe it and define it, because, after all, that is the question of law here. It reads as follows: 'Every person who rectifies, purifies or refines distilled spirits or wines by any process other than by original and continuous distillation from mash, wort or wash, through continuous closed vessels and pipes, until the manufacture thereof is complete.' Define the process as it is defined there by the act of Congress.

"A. The first section in this statement here is 'Every person who rectifies, purifies or refines distilled spirits or wines by any process' other than the one mentioned, and the one mentioned is continuous distillation carried on until the proper alcoholic strength is reached. That may be a distilled liquor, and probably is a distilled liquor, sufficiently rectified. That means, therefore, a production in which the original distillation and the rectifying are not separated, but is a continuous process, which probably includes rectifying, as we would understand it; and therefore, in that case, the manufacturer is a rectifier as well as a distiller; but, in other cases, the two parts are separated. One man manufactures and the other man rectifies. That is meant to cover the case of a continuous manufacture."

The defendant by the use of the still reclaims distilled spirits or alcohol from dregs and refuse by a process of purifying or refining, thereby eliminating the impurities. They may not carry the operation to the extent of perfect rectification or purification; but so long as they are engaged in the business of purifying and refining alcohol by use of a still, to some extent, they are not exempt from liability for a tax as rectifiers under this section simply because they fail to carry the operation to perfection so that the alcohol reclaimed would be a merchantable commodity.

The Treasury Department has uniformly construed this section to apply to all persons engaged as the defendant, and to make them liable to pay the special tax as rectifiers. Beginning as early as Treasury Decision No. 95 April 13, 1900, the Secretary has insisted upon taxing all those as rectifiers who were engaged in recovering alcohol used in extracting ginger from the ginger root, and from many so engaged has collected the special tax.

The only exception to this liability is found in section 3246 (page 2103), which refers to druggists who use alcohol exclusively in the preparation or making up of medicine, and who, under this section, are permitted to make use of a still for the recovery of such alcohol where this alcohol is to be again used exclusively by them in the preparation of medicine.

A uniform practice by the Department, as a result of a construction put upon a doubtful statute, has great weight with the court in construing it, and, where the practice has been followed for a long time, the court will accept the Department's interpretation as the proper one. This defendant is not in any sense engaged as an apothecary, and is not exempt from liability.

The motion, therefore, for judgment non obstante veredicto, is refused.