UNITED STATES v. HANCE et al.

(District Court, E. D. Pennsylvania.  January 30, 1911.)

No. 8.

1. INTERNAL REVENUE (§ 9*)—TAXATION—RECTIFIERS—"RECTIFYING, PURIFYING, AND REFINING DISTILLED SPIRITS."

Rev. St. § 3244 (U. S. Comp. St. 1901, p. 2096), imposes an internal revenue tax on all persons engaged in the business or occupation of rectifying, purifying, and refining distilled spirits, and section 3232 (page

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2091) declares that no person shall be engaged in or carry on such trade or business until he has paid a special tax in the manner provided. *Held*, that it was not essential to the imposition of the tax that the person taxed be engaged in rectifying, purifying, or refining distilled spirits as a principal business, but that, where a manufacturer of ginger extract by means of alcohol percolation distilled the dregs of the ginger root to recover so far as possible the alcohol remaining therein and used the same when recovered in the successive percolation of more root, he was a person engaged in the business of "rectifying, purifying, and refining distilled spirits" and was subject to the tax.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 7, p. 6022.]

2. INTERNAL REVENUE (§ 9*) — DISTILLATION OF SPIRITS — PREPARATION OF MEDICINE—"APOTHECARIES."

The alcohol so distilled and used in the further preparation of fluid extract of ginger was not used exclusively in the preparation of medicine so as to exempt the distiller from taxation under Rev. St. § 3246 (U. S. Comp. St. 1901, p. 2103), providing that no special tax shall be imposed on apothecaries as to spirituous liquors used exclusively in the preparation of medicines.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 1, pp. 438, 439.]

At Law. Action by the United States against Edward H. Hance and another, trading as Hance Bros. & White. Verdict for plaintiff. On motion for judgment non obstante veredicto. Denied.

John C. Swartley, Asst. U. S. Dist. Atty.
Henry N. Paul, for defendant.

HOLLAND, District Judge. This was a suit in assumpsit, brought by the United States against the defendant, to recover $600, special tax and penalty, together with interest thereon from December 1, 1908, under section 3244, Rev. St. (U. S. Comp. St. 1901, p. 2096), requiring a special tax to be paid by all persons engaged in the business or occupation of "rectifying, purifying and refining" distilled spirits.

This case was tried by the same jury, with three other cases, including the Twitchell Case, No. 7, September Sessions, of the same year.† The court, after hearing the testimony offered by the parties, directed a verdict for the plaintiff. Defendant filed a motion for judgment non obstante veredicto under the Pennsylvania practice act, and the question now to be determined is whether or not the defendant is liable for this special tax as rectifiers under section 3244, Rev. St.

The defendant claims to be engaged in the manufacture of medicinal preparations, and, in addition, according to the testimony of one of the witnesses, it manufactures a fluid extract of ginger. This is produced by placing comminuted ginger root in a percolater and allowing pure alcohol of high proof to percolate through the ginger root dissolving out the essence of ginger. The fluid extract of ginger resulting from this percolation is drawn off, and there remains in the percolater the dregs of the ginger root with alcohol; and, in order that this alcohol shall not be wasted, the mixture of ginger root and alcohol is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

184 F.—34 † 184 Fed. 525.

placed in a still, and the alcohol, so far as possible, is recovered by distillation, but the recovery is only partial, and the resulting alcohol is distinctly contaminated and less pure than at the beginning of the process.

Counsel urges that, even if the defendant was solely engaged in the manufacture of this fluid extract, it could not be regarded as engaged in the business of rectifying, purifying, or refining distilled spirits within the meaning of the statute, and it was argued that the statute only applies to those who are distinctly engaged in rectifying, and not to persons who are engaged in other business and only incidentally in the conduct of this other business are required to reclaim distilled spirits to prevent its waste.

We do not think this is a proper construction to place upon section 3244, Rev. St. It is true that section 3232 of the Revised Statutes (U. S. Comp. St. 1901, p. 2091) provides:

"No person shall be engaged in or carry on any trade or business hereinafter mentioned until he has paid a special tax in the manner hereinafter provided."

And it is argued from this that no one is liable for this tax as a rectifier who is not engaged in the business of rectifying, purifying, or refining distilled spirits as a business in the popular acceptation of the term. But this view cannot be accepted, for the reason that section 3244, Rev. St., gives a statutory definition of what shall be regarded as "engaging in the business of rectifying," and we find that it makes no difference whether one is a rectifier in accordance with the popular opinion of that business or not. The section provides that "every person who rectifies, purifies or refines distilled spirits or wines by any process" shall be regarded as a rectifier and as being engaged in the business of rectifying. The reason for which the distilled spirits are recovered or the amount recovered seems to have nothing to do with it, nor does the fact that the person who reclaims or purifies the distilled spirits is engaged in another business and recovers the alcohol as an incident to the conduct of his business make any difference, because the section provides that "every person" who rectifies, etc., shall be regarded as being in that business, and it is easily understood why the provision is made so broad. It is necessary for the government, in the suppression of illegal distillation by use of stills and illegal rectification of distilled spirits, to know and be in touch with all persons who in any degree engage in this business. To guard against the illegal use of stills, section 3258 (page 2112) requires their registration in all cases, even those used by apothecaries who are not required to pay a tax; but the same vigilance as to the extent and use of the still is observed. We take it, therefore, that the defendant is not exempt because of the fact that the recovery of the distilled spirits is only incidental to its other business.

It is further urged, however, that it is not liable, because the courts have held that a person may, as incidental to his regular business, perform and carry on certain employments without bringing himself within the scope of the revenue laws, despite the fact that if such employment constituted the principal trade or occupation of such person he

would be liable to taxation, and cites United States v. Northwestern Ohio Natural Gas Co. (C. C.) 141 Fed. 198; United States v. Consumers' Co., 142 Fed. 131, 73 C. C. A. 352; United States v. Kenton, Fed. Cas. No. 15,526.

In the first two cases, it is held that the provisions of section 27 of War Revenue Act June 13, 1898, c. 418, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2306), imposing on persons, firms, corporations, or companies "owning or controlling any pipe line for transporting oil or other products" a special tax, apply only to receipts from the transportation business, and to persons or companies engaged in such business, and a company in the business of purchasing and buying natural gas, which it conveys by means of pipes to a city, where it distributes and sells the same to consumers, is not engaged in the business of transportation within the meaning of the act, nor subject to the tax.

Our view of the section of the Revised Statutes is not at all in conflict with these decisions, because the special tax authorized under the provisions of section 27 of the war revenue act was levied upon and collected from "persons, firms, corporations and companies carrying on the business of * * * transporting oil or other products," and, of course, only included such companies as were in the business of "transportation" by means of "pipe lines," and the persons, firms, etc., included were restricted in the definition of the section to these alone, and did not include every person or corporation who transported goods or other products by means of pipe lines, in connection with another business; or, in other words, the section simply taxes those persons or corporations who were in the business popularly known as "pipe lines transportation business." But the section with which we have to deal in this case is broader and gives its own definition of who shall be regarded as engaged in the business as a rectifier, and it includes every one who rectifies, purifies, or refines distilled spirits.

The same may be said of the last case, which was an effort to impose a cattle broker's tax upon a farmer who occasionally bought and sold cattle and hogs in the course of his business as a farmer. The provisions of the act were restricted to a collection of a tax from men engaged in the business as cattle brokers, and, of course, a farmer who occasionally sold or bought cattle or hogs could not be regarded as a cattle broker and was not held liable.

But, as we have said, this can have no controlling influence upon the decision of the court in this case, because the suit here includes every one who rectifies. If the provision of the law considered in United States v. Kenton, supra, had included every person who bought or sold cattle or hogs, there might have been a different conclusion.

It has been held by the department that the recovery of alcohol by an apothecary, which has been used in making up medicine to be again used by him for the same purpose, is permissible under the exempting clause of section 3246 (page 2103), for which no tax will be collected. But it does not appear from the evidence that the alcohol used and reclaimed by the defendant was used "exclusively" in the preparation of medicine; but, on the other hand, it does appear that it was used in the

preparation of fluid extract of ginger, and it is clear that this is not a use in the preparation of medicine.

For these reasons and those already stated in the case of United States v. Twitchell Co., 184 Fed. 525, the motion for judgment non obstante veredicto is refused.