UNITED STATES v. SMITH, KLINE & FRENCH CO.

(District Court, E. D. Pennsylvania. January 30, 1911.)

No. 6.

1. INTERNAL REVENUE (§ 9*) — RECTIFIERS OF SPIRITS — MANUFACTURE OF FLAVORING EXTRACTS—"ENGAGED IN RECTIFYING, PURIFYING, AND REFINING DISTILLED SPIRITS."

Defendants manufactured fluid extract of ginger by pouring distilled spirits on ginger root. After drawing off the fluid, the distilled spirits remaining in the dregs was separated therefrom by distillation, and this product, less in quantity and lower in grade than that previously placed in the receptacle with the ginger root, was reused in repeating the process and in the manufacture of medicinal preparations. *Held,* that defendant was a person engaged in the business or occupation of rectifying, purifying, and refining distilled spirits and subject to internal revenue taxation imposed by Rev. St. § 3244 (U. S. Comp. St. 1901, p. 2096), on those so engaged.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*]

2. INTERNAL REVENUE (§ 9*)—DISTILLED SPIRITS—"APOTHECARIES."

Defendant was not exempt from such tax as an apothecary under Rev. St. § 3246 (U. S. Comp. St. 1901, p. 2103), providing that no special tax shall be imposed on apothecaries as to spirituous liquors used exclusively in the preparation of medicines.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 21; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 1, pp. 438, 439.]

3. INTERNAL REVENUE (§ 45*)—SPECIAL TAXES—PENALTIES—LIMITATIONS.

Under Rev. St. § 1047 (U. S. Comp. St. 1901, p. 727), requiring all suits for penalties to be instituted within five years, the government may not recover unpaid special taxes and penalties against persons engaged in the business of rectifying, purifying, and refining distilled spirits for a longer period than five years from the date of suit brought.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 109–113; Dec. Dig. § 45.*]

Action by the United States against the Smith, Kline & French Company to recover special taxes and penalties imposed on persons engaged in the business of rectifying, purifying, and refining distilled spirits. Verdict for plaintiff. On motion by defendant for judgment non obstante veredicto. Denied.

John C. Swartley, Asst. U. S. Dist. Atty.

James Collins Jones, for defendant.

HOLLAND, District Judge. This is a suit in assumpsit instituted to recover the sum of $1,800, special tax and penalties thereon under

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section 3244, Rev. St. (U. S. Comp. St. 1901, p. 2096), requiring a special tax to be paid by all persons engaged in the business or occupation of rectifying, purifying, and refining distilled spirits. During the years ending June 30, A. D. 1896 to A. D. 1907, respectively and inclusively, defendant was engaged in business in this city as wholesale druggists and manufacturing chemists. It was also engaged in the manufacture of fluid extract of ginger by pouring distilled spirits upon the ginger root, which had theretofore been placed in a receptacle. All of the distilled spirits, save that which remained in the dregs of the ginger root, was drawn off after it had extracted all the ginger essence of the root, the alcohol carrying off and becoming a part of the finished product, namely, the fluid extract of ginger, five per cent. of which was used for making soluble essence of ginger, which was sold for flavoring purposes in soda water fountains, the remainder being used for the making of preparations sold and used exclusively for medicinal purposes. The distilled spirits remaining in the dregs after the fluid extract of ginger had been extracted was separated from the dregs of the ginger root by means of a still, in quantities of less than 500 barrels for each year. The dregs from which the distilled spirits was thus recovered constituted solid matter, being handled with a shovel or a similar implement, and was less in quantity and lower in grade than that theretofore placed in the receptacle with the ginger root, and the distilled spirits thus recovered by means of the still were reused in the manufacture of and became a part of medicinal preparations. The case was tried before a jury with three other cases, and the court, on the above facts, directed a verdict for the government. Thereupon this motion for judgment non obstante veredicto was filed.

The company defended upon the grounds: (1) That it was not liable as a rectifier under the terms of section 3244; (2) that, assuming the defendant was a rectifier within the meaning of section 3244, it was exempt from the tax under section 3246 (page 2103), which provides that no special tax shall be imposed upon apothecaries as to wines or spirituous liquors which they use exclusively in the preparation or making up of medicines; and (3) section 1047, Rev. St. (U. S. Comp. St. 1901, p. 727), bars a recovery in this case beyond a period of five years from the time suit was instituted.

What was said by the court in the cases of United States v. Twitchell Co. (No. 7, September Sessions, 1908) 184 Fed. 525, and United States v. Hance Bros. & White (No. 8, September Sessions, 1908) 184 Fed. 528, is applicable to the facts of this case as to the question of whether this defendant is to be regarded as a rectifier and not exempt under section 3246. It is contended, however, in this case, that, as the alcohol recovered from the dregs after the manufacture of the extract is used exclusively in the preparation of medicine, this case differs in this particular from the two cases above mentioned and brings it within the exemption of section 3246.

The defendant is engaged in manufacturing extract of ginger, which is used as a flavoring for soda water fountains. This is not a medicinal preparation, and the recovery of alcohol from the dregs by the use of the still is to be regarded as rectifying, and for which a tax must

be paid. The fact that the recovered alcohol is subsequently used in the preparation of medicine by the defendant does not entitle it to exemption under the Secretary's ruling. It was there held that the recovery of alcohol from medicines by apothecaries for use again by them in the preparation of medicines could not be extended beyond the express terms of the exempting section, and that neither druggists, apothecaries, nor manufacturing chemists can, as the law stands, set up stills and use them for the recovery of alcohol from flavoring extracts or toilet articles, or any other preparations that are not medicines, without being required to pay a special tax as rectifiers under the third subdivision of section 3244. In other words, some of the alcohol is recovered by the defendant in a business other than the preparation or making up of medicines, and for the recovery of this alcohol it is to be regarded as a rectifier without regard to the use to which it is put by it after the recovery.

In the suit the government seeks to recover this special tax for the years 1896 to 1907, respectively and inclusively, which we think cannot be done in view of section 1047, which requires all suits for penalties to be instituted within the five years. The government cannot, by reason of the provisions of this section, recover beyond five years from the date of the institution of the suit.

The parties therefore will draw a decree in accordance with this opinion, upon which judgment will be entered, after which the motion for judgment non obstante veredicto will be refused.