HENRY K. WAMPOLE & CO. v. UNITED STATES. SMITH, KLINE & FRENCH CO. v. SAME. HANCE et al. v. SAME.†

(Circuit Court of Appeals, Third Circuit. November 6, 1911.)

Nos. 6, 7, 8 (1,491, 1,492, 1,508).

1. INTERNAL REVENUE (§ 9*)—SPECIAL TAX—"RECTIFIER OF SPIRITS."

A manufacturer of vanilla or ginger extract by mixing the comminuted vanilla beans or ginger root with alcohol in a percolator, and who afterward recovers a part of the alcohol remaining in the mixture for re-use by distillation, is a "rectifier of distilled spirits" and subject to the special tax imposed by Rev. St. § 3244 (U. S. Comp. St. 1901, p. 2096).

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 7, p. 6022.]

2. INTERNAL REVENUE (§ 9*)—SPECIAL TAX—RECTIFIERS OF SPIRITS.

Such manufacturers are not exempt from the tax as apothecaries under Rev. St. § 3246 (U. S. Comp. St. 1901, p. 2103), providing that no special

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied.

tax shall be imposed "upon apothecaries as to wines or spirituous liquors which they use exclusively in the preparation or making up of medicines."

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 9.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Actions by the United States against Henry K. Wampole & Co., against the Smith, Kline & French Company, and against Edward H. Hance and others, trading as Hance Bros. & White. Judgment for the United States in each case, and defendants bring error. Affirmed.

For opinions below, see 184 Fed. 528, 532.

F. B. Bracken, for plaintiff in error Henry K. Wampole & Company.

James Collins Jones, for plaintiff in error Smith, Kline & French Company.

Henry N. Paul, Jr., for plaintiff in error Hance Bros. & White.

J. Whitaker Thompson and Jasper Y. Brinton, for the United States.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. [1] In each of these three cases the United States recovered a judgment which rests on the theory that the defendants, whose general business is that of wholesale druggists and manufacturing chemists, are liable, as rectifiers of distilled spirits, for the special tax mentioned in the third subdivision of section 3244 of the Revised Statutes (U. S. Comp. St. 1901, p. 2096). The part of that subdivision material for our present purpose is as follows:

"Rectifiers of distilled spirits shall pay two hundred dollars. Every person who rectifies, purifies or refines distilled spirits or wines by any process other than by original and continuous distillation from mash, wort, or wash, through continuous closed vessels and pipes, until the manufacture thereof is complete, and every wholesale or retail liquor dealer who has in his possession any still or leach-tub, or who keeps any other apparatus for the purpose of refining in any manner distilled spirits, and every person who, without rectifying, purifying, or refining distilled spirits; shall, by mixing such spirits, wine, or other liquor with any materials, manufacture any spurious, imitation, or compound liquors for sale, under the name of whisky, brandy, gin, rum, wine spirits, cordials, or wine bitters, or any other name, shall be regarded as a rectifier, and as being engaged in the business of rectifying."

The records disclose these facts: Alcohol, on which the internal revenue tax has been paid, is mixed with a mass of ground or comminuted vanilla beans or ginger root in a percolator. The alcohol, acting as a menstruum, "dissolves out" the extract of vanilla or the essence of ginger, and the extract or essence is then drawn off. As a part of the alcohol still remains in the percolator, mixed with the vanilla beans or ginger root, the mixture is put into a still, steam is injected into it, and the vaporized alcohol passes with the steam into the condenser and is thereby recovered, but in an impure state, as it is mixed with water and coloring matter, and has the odor of the bean or root from which it has been separated. The question we have to decide is whether these facts constitute the defendants rectifiers of distilled spirits within the meaning of the law above quoted.

It must be conceded, we think, that the defendants are not "distillers" within the meaning of the law. There was no suggestion by any of the counsel that they are. But as the facts show that the defendants do recover, by the process of distillation, a part of the alcohol once used by them, it is well to have before us, in considering the subject of rectification, which is also effected by distillation, the statutory definition of a "distiller," given in section 3247 of the Revised Statutes (U. S. Comp. St. 1901, p. 2107):

"Every person who produces distilled spirits, or who brews or makes mash, wort, or wash, fit for distillation or for the production of spirits, or who, by any process of evaporation, separates alcoholic spirit from any fermented substance, or who, making or keeping mash, wort, or wash, has also in his possession or use a still, shall be regarded as a distiller."

The defendants do not produce distilled spirits; they simply recover them. They do not brew or make mash, wort, or wash, fit for distillation, or for the production of spirits; they make a mash fit for the production of vanilla or ginger extract. They do not, by any process of evaporation, separate alcoholic spirit from any fermented substances. They separate it from an unfermented substance, or at least it is not necessarily from a fermented substance. And, though each of them makes a mash and uses a still, the mash, wort, or wash, referred to in section 3247, is such as will *produce* spirits on distillation; it does not include a mash composed of ground vanilla beans or ginger root and alcohol mixed together and which, on distillation, simply gives up part of the alcohol previously put into the mixture. See United States v. Frerichs, Fed. Cas. No. 15,166; One Vaporizer, Fed. Cas. No. 10,537.

In United States v. Marshall, Fed. Cas. No. 15,726, Judge Swing had occasion to distinguish between a distiller and a rectifier. The defendant was indicted for carrying on the business of a distiller without giving bond as required by law. He pleaded that his business was that of a rectifier and not a distiller. Judge Swing said:

"He," the defendant, "had, however, the right to use high wines and cologne spirits, and he had a right to recover from any substance, no matter what, any spirits which existed in that substance, upon which tax had been paid. He had a right to take the charcoal used by rectifiers and recover, by any process, all the spirits which were in it. He had a right to take elderberries, peaches, prunes, every article of that kind that contained spirits by reason of their former use by rectifiers, not out of which spirits might have been manufactured, but that contained those spirits in a spirit form; he had a right to recover or separate it from the substance it had gone into and get it back free from any substance with which it was connected. But he had no right to create spirits: that is, he had no right to take prunes and peaches and elderberries, or beer, or any other fermented substances, and make spirits out of them. He had no right to put it through such a process as would convert the elements which existed in these several articles, and out of which, by a process of distillation, he could create spirits. He had a right to take all the saloon washings he could find in the city of Cincinnati, if they contained no fermented liquors or substances, recover from these all the spirits that existed in them, separating it from the water or other substances with which it might be held in solution."

Though these expressions were mere dicta in so far as they supported the claim of the defendant that he was a rectifier, the only ques-

tion being whether he was a distiller, we quote them because we think the things which Judge Swing declared the defendant in that case might lawfully do are things belonging to the business of rectification. The word "rectifiers" is to receive its legal and not, necessarily, its etymological, meaning. Rectification of distilled spirits, in the legal sense, means any process, exclusive of "original and continuous distillation from mash, wort, or wash, through continuous closed vessels and pipes, until the manufacture thereof is complete," by which the spirits are separated from the substance with which it is mixed or combined. The rectifier may take the raw spirit of the distiller, and, by repeated processes of distillation, separate the spirit from the oils and impurities left in it by the distiller; or he may take the refuse material of the manufacturer of ginger or vanilla extract, saturated with alcohol, and by distillation separate the spirit from that material. The latter process is that of the defendants in these three cases. To hold it to be rectification within the meaning of the law is in harmony with the views of Judge Swing, above quoted, which were expressed as early as 1876, as well as with the views expressed in a train of decisions of the Treasury Department from 1900 down to the present time.

[2] But it is contended by the defendants that, though they be rectifiers within the meaning of the third subdivision of section 3244, they are exempted from the special tax imposed by that section by the provision of section 3246 (U. S. Comp. St. 1901, p. 2103) that no special tax shall be imposed "upon apothecaries as to wines or spirituous liquors which they use exclusively in the preparation or making up of medicines." The exemption does not embrace one who recovers alcohol from a substance with which it has been previously mixed. Such a person is not one of the "apothecaries" referred to in the exempting clause. The third subdivision of section 3244 applies, inter alia, to certain compounders of spirits with other materials, and declares that they shall be regarded as rectifiers; but the exempting clause of section 3246, in effect, provides that no compounder who is an apothecary shall be liable for the special tax as to any spirits which he uses exclusively in the preparation of medicines. The recovery of spirits from the dregs of the vanilla bean or ginger root is not the business of an apothecary; the use of spirits in compounding medicines is. The exempting clause relates to the latter and not the former business.

After careful consideration we have reached a conclusion in substantial accord with that of Judge Holland in United States v. S. Twitchell Co. (D. C.) 184 Fed. 525; United States v. Hance (D. C.) 184 Fed. 528; and United States v. Smith, Kline & French Co. (D. C.) 184 Fed. 534.

The judgments of the District Court are therefore affirmed, with costs.