## UNITED STATES v. SPRINGER & LOTZ et al.
### No. 5378.

District Court, E. D. New York.
July 18, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Martin Neumann, Asst. U. S. Atty., of counsel), for the United States.

George L. Naught, of New York City (Spencer Pinkham, of New York City, of counsel), for defendant American Surety Co.

GALSTON, District Judge.

This is a motion for an order directing the entry of judgment in favor of the defendant American Surety Company and dismissing the complaint as against that defendant.

The complaint alleges that the defendants Springer & Lotz were engaged in the business of retail druggists, and that on or about July 3, 1922, a permit was issued to them by the federal Prohibition Commissioner on the filing of a bond by the defendant American Surety Company, and that said bond provided: "Now, therefore, the condition of this obligation is such that if the principal shall comply with the terms of said permit * * * and if the said principal shall further pay all taxes, assessments and penalties payable by the said principal under the National Prohibition Act * * * then this obligation shall be void, otherwise to remain in full force and effect."

The complaint further alleges a violation of the National Prohibition Act by the defendants Springer & Lotz, subsequent to the delivery of the bond, in that they unlawfully disposed of about seventy gallons of whisky on fraudulent prescriptions, and that by reason of such violations the defendants became liable to pay the United States "as taxes, assessments and penalties * * * the sum of $845.56, a detailed statement of said indebtedness being as follows:

For special tax as retail liquor dealer, 11 months ending June 30, 1923 doubled under Section 35, National Prohibition Act........ $45.83
25% penalty, failure to file returns.. 5.73
For specific penalty for unlawful sales, as retail liquor dealer, under Section 35, National Prohibition Act, incurred August, 1923.. 500.00
For differential tax under section 600, Revenue Act of 1921, at $4.20 per gallon on 70 gallons distilled spirits unaccounted for........ 294.00

$845.56"

It is alleged that on November 10, 1927, due notice of a breach of the conditions of the bond was given to the defendants; but no part of the sum due was paid to the plaintiff.

The complaint was filed in the office of the clerk of the court on October 7, 1932, almost ten years after the violations complained of. The answer set up an affirmative defense in which it is alleged that the action was not commenced within five years from the time when the tax or penalty accrued; and that therefore the action is barred by section 791, title 28, U. S. C. (28 USCA § 791), and section 105, title 26, U. S. C. (26 USCA § 105).

■ Title 28, U. S. C., § 791, 28 USCA § 791 (R. S. § 1047), provides as follows: "No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued."

The first matter to be determined is whether from the face of the complaint this suit relates to penalties and forfeitures.

The first item is designated in the complaint as a special tax "doubled under section 35 [tit. 2], National Prohibition Act [27 USCA § 52]." This has all the earmarks of a penalty, and so much seems to be indicated in O'Sullivan v. Felix, 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980.

The next item is designated in the complaint as a 25 per cent. penalty for failure to file returns, and speaks for itself.

The third item likewise is called a specific penalty for unlawful sales.

The fourth item is for a differential tax under section 600 of the Revenue Act of 1921 (26 USCA § 245 note). This is a tax "on all distilled spirits on which tax is paid at the nonbeverage rate of $2.20 per proof gallon and which are diverted to beverage purposes * * * there shall be levied and collected an additional tax of $4.20 on each proof gallon. * * *"

This is a penalty rather than a tax, for it "involves the idea of punishment for infraction of the law." Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 551, 66 L. Ed. 1061. See,

also, United States v. Smith, Kline & French Co. (D. C.) 184 F. 532.

■ Clearly, then, as against the principals, Springer & Lotz, the action being for penalties and forfeitures, and the action not having been commenced within five years from the date when the penalty or forfeiture accrued, it is barred by the statute.

Is the obligation of the surety greater than that of the principal? In the matter of Cheesman v. Cheesman, 236 N. Y. 47, 139 N. E. 775, 776, it is said: "It is the general rule that a surety is not liable if the original debt is barred by the statute of limitations. In such a case no recovery may be had even where the principal has allowed judgment to be taken against him. The surety may avail itself of the statute in an action brought against it. Dawes v. Shed, 15 Mass. 6, 8 Am. Dec. 80; McMullen v. Rafferty, 89 N. Y. 456; Williston on Contracts, 1283." See, also, 17 Ruling Case Law, 966.

It may be noted that the cases relied upon by the plaintiff are not in point. This is true of United States v. United States Fidelity & Guaranty Co. (C. C. A.) 221 F. 27, which the court stated specifically was not a suit to recover a statutory penalty or forfeiture, and consequently the statute of limitations relating thereto was not available to the defendant.

Other cases, such as United States v. The John Barth Company, 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; Roberts Sash & Door Co. v. United States, 282 U. S. 812, 51 S. Ct. 185, 75 L. Ed. 727; and United States v. Jureidini et al. (D. C.) 35 F.(2d) 57, can readily be distinguished. The bonds in such cases were given in quite different circumstances. Obviously, when a tax is due and the United States is in position to make assessment or claim therefor, and the assessment or collection is waived in consideration of the giving of a surety bond, a situation is presented distinguishable from the case at bar.

■ Finally, it may be noted that no assessment was made within four years of the accrual of the so-called taxes. Title 26, U. S. C. § 105 (26 USCA § 105).

The motion to dismiss is granted.

Settle order on notice.