**UNITED STATES v. KERN et al., and four other cases.**

Nos. 5740, 5824, 5735, 5836, 5715.

District Court, E. D. New York.
Sept. 26, 1934.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., and Lester C. Dunigan, of Washington, D. C., Attorney, Tax and Penalty Unit, Department of Justice, of counsel), for the United States.

Harry S. Hall, of New York City, for defendants Royal Indemnity Co. and Eagle Indemnity Co.

Otto B. Schmidt, of New York City, for Fidelity & Casualty Co. of New York, amicus curiæ.

CAMPBELL, District Judge.

The five above-entitled actions are civil actions brought by the United States of America, on bonds given in support of per-

mits to use specially denatured alcohol, in manufacturing approved preparations of the National Prohibition Act (27 USCA).

These cases come before the court on motions to sustain their pleas of the statute of limitations and to dismiss the complaints as to the Eagle Indemnity Company and the Royal Indemnity Company.

The defendants Eagle Indemnity Company and Royal Indemnity Company interposed motions to dismiss because the complaints failed to allege facts sufficient to state causes of action, and also interposed pleas of the statute of limitations.

The motions to dismiss were granted, but the plaintiff was allowed to file amended complaints, which plaintiff did, and it is to the amended complaints that the said defendants Eagle Indemnity Company and Royal Indemnity Company have interposed the plea of the statute of limitations.

The dates upon which the plea of the statute of limitations is based appear in each particular case as follows:

*United States of America v. Dr. George F. Kern and Eagle Indemnity Company, L. 5740.*

Suit was commenced on the 27th day of April, 1933.

The amended complaint avers accrual of cause of action between the 1st day of March, 1927, and the 31st day of December, 1927. (See paragraphs 13, 19, and 23 of the amended complaint.)

If the five-year statute applies, the cause of action was barred December 31, 1932.

*United States of America v. Boris Borovikow, Principal, and Royal Indemnity Company, Surety, L. 5824.*

Suit was commenced on June 4, 1933.

The amended complaint avers accrual of cause of action between the 1st day of January, 1927, and the 18th day of January, 1928. (See paragraphs 14, 20, and 24 of the amended complaint.)

If the five-year statute applies, the cause of action was barred January 18, 1933.

*. United States of America v. Meyer Greenberg, Doing Business as M. G. Laboratories, and Eagle Indemnity Company, L. 5735.*

Suit was commenced on the 25th day of April, 1933.

The amended complaint avers accrual of cause of action as up to and including the 31st day of January, 1928. (See paragraphs 10 and 22 of the amended complaint.)

If the five-year statute applies, the cause of action was barred January 31, 1933.

**United States of America v. Broadway Lotion Company and Eagle Indemnity Company, L. 5836.**

Suit was commenced on the 16th day of June, 1933.

The amended complaint avers accrual of cause of action January 1, 1928, to the 31st day of December, 1928. (See paragraphs 15, 21, and 25 of the amended complaint.)

The pleadings herein do not fix the date definitely as of a particular day, and this court cannot say on the pleadings that the cause of action was not a continuing one, and therefore, even if the five-year statute applies, that any of it is barred by the five-year statute, and certainly in any event if the cause of action accrued between June 16, 1928, and December 31, 1928, it would not be barred.

The motion to dismiss this case on the plea of the statute of limitations is denied, without prejudice to raising that defense on the trial.

*United States of America v. Thomas V. Ford, Doing Business as Rogers Products Company, and Eagle Indemnity Company, L. 5715.*

Suit was commenced on April 15, 1933.

The amended complaint avers accrual of cause of action between the 1st day of January, 1927, and the 23d day of May, 1928. (See paragraphs 14, 20, and 24 of the amended complaint.)

The pleadings herein do not fix the date definitely as of a particular day, and this court cannot say, on the pleadings, that the cause of action was not a continuing one, and therefore, even if the five-year statute applies, that any of it is barred by the five-year statute, and certainly, in any event, if the cause of action accrued between April 15, 1928, and May 23, 1928, it would not be barred.

The motion to dismiss this case on the plea of the statute of limitations is denied, without prejudice to raising that defense on the trial.

I will therefore proceed to consider the motion with reference to the three first above-entitled cases, and as the causes of action in each complaint are identical, one opinion will suffice.

Each complaint alleges three causes of action upon bonds given by the principal with the surety thereon, to enable the principal to obtain a permit to use specially denatured alcohol, in the Eastern District of New York, which specially denatured alcohol was withdrawn tax free.

The complaints allege that the principal withdrew a certain quantity of denatured alcohol tax free, and that either the total amount so withdrawn, or a large proportion of said amount, was illegally and unlawfully diverted, lost, or unaccounted for by said principals. The government tax or the sum of $4.50, as stipulated in the bond, per wine gallon upon the total amount of the specially denatured alcohol so diverted, greatly exceeds the amount of the bond. Each bond contains the following condition: "Now, therefore, the condition of this obligation is such that if there be no material false statement in the application for such permit, and the said principal shall not violate the terms of such permit, and shall transport, store and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage, and use, and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost, or unaccounted for in violation of such permit and law and regulations at the rate of $4.50 per wine gallon, and in addition thereto shall pay all penalties and fines imposed, then this obligation to be void; otherwise to remain in full force and virtue."

The first cause of action alleged in the amended complaint seeks a recovery of the amount of the bond for a general breach thereof by virtue of an illegal diversion of the specially denatured alcohol, withdrawn pursuant to the terms of the permit.

The second cause of action alleges an illegal diversion of the specially denatured alcohol withdrawn pursuant to the terms of the permit, and the failure to account for this alcohol, in violation of the terms of the said permit. This cause of action alleges damages at the rate of $4.50 per wine gallon, which sum is stipulated in the condition of the bond, and alleges total damages in excess of the amount of the bond, and alleges that by virtue of the damages suffered by the government, the defendant became liable to pay to the United States of America the sum of the bond.

The third cause of action alleged liability of defendant for the tax provided for in the Revenue Act of 1921, section 600 thereof (26 USCA § 245 note), for any diversion or failure to account for the specially

denatured alcohol withdrawn as thereinabove alleged, and incorporated the provisions of the condition of the bond for payment of $4.50 per wine gallon for such illegally or unlawfully diverted, lost, or unaccounted for specially denatured alcohol, and further alleges that within the time hereinbefore recited, the principal on the bond illegally, unlawfully, and fraudulently diverted, to purposes other than those authorized by the permit, the application above referred to, and failed to account for the quantity alleged of said specially denatured alcohol so withdrawn pursuant to said permit, application, and bond, in violation of the terms of the said permit, application, bond, and the laws and provisions of law there enacted, and the regulations promulgated thereunder.

The sureties on each bond have interposed pleas alleging that the causes of action set forth in the complaints are barred by the statute of limitations, as provided in title 26, § 105, U. S. C. (26 USCA § 105), and title 28, § 791, U. S. C. (28 USCA § 791).

The first cause of action is for breach of the covenants for the faithful performance of the conditions of the permit and the observance of the laws of the United States.

There are two separable conditions in the bond involved herein:

First, a general compliance provision; second, provision for the payment at the rate of $4.50 per wine gallon for all specially denatured alcohol, unlawfully diverted, lost, or unaccounted for in violation of such permit and law and regulations.

The general compliance provisions of the bond as alleged in the complaint is as follows: " * * * and the said principal shall not violate the terms of such permit, and shall transport, store, and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage, and use * * *."

■ The general compliance provision is clearly separable from the later provision. United States v. Orth (D. C.) 59 F.(2d) 774.

But viewed from the standpoint of the regulations the bond is required to be "in a penal sum sufficient to cover the tax at the rate of $2.20 per proof gallon on the quantity of alcohol."

"The bond shall be sufficient to cover the tax at the non-beverage rate."

"The bond shall be guaranteed in accordance with the quantity of alcohol on hand, in transit and unaccounted for."

The bond in so far as the first condition is concerned is an indemnity bond and not a penalty bond, and under the decision in United States v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 70 L. Ed. 973, recovery cannot be had without proof of damage.

■ Having found that the first condition of the bond is one of indemnity and not of penalty, the plea of the statute of limitations cannot be sustained. If there be any question of the sufficiency of the pleading, that must be raised on a motion on the pleadings. But in passing let me say that the number of gallons of alcohol diverted to purposes other than as authorized by the permit is alleged, and also the failure to account therefor, and that such acts were in violation of law.

■ The law fixes a basic tax which has been held to be a true tax and not a penalty, collection of which tax, however, is withheld pending the use of the denatured alcohol for lawful tax free purposes. United States v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Various Items v. United States, 282 U. S. 577, 579, 51 S. Ct. 282, 75 L. Ed. 558. The damage suffered by the government is therefore the loss of the basic tax on the number of gallons diverted, which was not paid. The penal sum of the bond being the limit not the amount of indemnity.

The decision in United States v. Springer & Lotz (D. C.) 4 F. Supp. 253, affirmed (C. C. A.) 69 F.(2d) 819, is a binding authority but does not seem to be controlling on the first cause of action herein, for the reason that the said case of United States v. Springer & Lotz was not based upon the general compliance condition of the bond, but alleged as damages the liability of the defendants to pay certain so-called taxes, assessments, and penalties, and there being no cause of action on the general compliance condition, that condition was not brought directly before the Circuit Court for decision.

■ The second and third causes of action are based on the later separable condition of the bond, which is as follows: " * * * and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost or unaccounted for, in violation of such permit and law and regulations, at the rate of $4.50 per wine gallon, and in addition thereto shall pay all penalties and fines imposed * * *."

300

It is to be noted that in the separable portion of the condition last quoted, the word "tax" is not mentioned, and the largest amount of basic tax which could be collected is but $4.18 a wine gallon, whereas the amount stated in the said condition of the bond is $4.50 per wine gallon.

This was not a provision for the payment of a tax, but for the payment of a penalty. United States v. Springer & Lotz (D. C.) 4 F. Supp. 253, affirmed (C. C. A.) 69 F.(2d) 819; Helwig v. United States, 188 U. S. 605, 610, 611, 23 S. Ct. 427, 47 L. Ed. 614; Lipke v. Lederer, 259 U. S. 557, 560, 561, 42 S. Ct. 549, 66 L. Ed. 1061; O'Sullivan v. Felix, 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980; United States v. Yuginovich, 256 U. S. 450, 459, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. La Franca, 282 U. S. 568, 573, 51 S. Ct. 278, 75 L. Ed. 551; United States v. Chouteau, 102 U. S. 603, 26 L. Ed. 246.

Title 28, § 791, U. S. C. (28 USCA § 791), provides as follows: "No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued."

Under this provision of law last cited, the second and third causes of action are barred against the principals by the statute of limitations and are therefore barred against the sureties.

The argument on behalf of the government as to the second and third causes of action, that they relate to taxes and are not outlawed because of provisions of law with reference to evasion of taxes, based as the two causes of action are on the second separable condition of the bond, requires no extended discussion, as that condition of the bond clearly shows that it was not a condition to pay taxes, but to pay a penalty of $4.50 per wine gallon, and all fines and penalties.

The sole question before this court is the defense of the statute of limitations, and I cannot enter into a consideration of the power of the commissioner to require a bond for the $4.50 a wine gallon argued by the parties, the sole question is whether such sum is a penalty and not a tax, and I have held that it is a penalty.

The motions made by the defendant-surety in each of the three first above-entitled actions to dismiss the first cause of action alleged in the amended complaints on the ground that it is barred as to such surety by the statute of limitations are denied.

The motions made by the defendant-surety in each of the three first above-entitled actions to dismiss the second and third causes of action alleged in the amended complaint, on the ground that they are barred as to such surety by the statute of limitations, are granted.

The motions made by the defendant-surety in each of the last two of the five above-entitled actions, to dismiss the first, second, and third causes of action alleged in the amended complaint, on the ground that they are barred by the statute of limitations, are denied, for the reason hereinbefore stated, but without prejudice to a renewal of such defense on the trial.

Leave is granted to the defendant-surety in each of the first three above-entitled actions to serve an amended answer, if it shall desire to defend on the facts as to the first cause of action alleged in the amended complaint, but such amended answer in each of the first three cases must be filed and a copy served on the attorney for the plaintiff within ten days after the service upon the attorney for such defendant-surety of a copy of the order to be entered on this motion.

Settle order on notice.