## O'SULLIVAN *v.* FELIX.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 249. Submitted March 9, 1914.—Decided April 13, 1914.

That an action depends upon, or arises under, the laws of the United States, does not preclude the application of the statute of limitations of the State. *McLaine* v. *Rankin*, 197 U. S. 154.

An action brought in the state court for damages for personal assault against persons violating Rev. Stat., §§ 5508 and 5509, is not an action for penalties but for remedial damages, and the period of prescription depends upon the law of the State. Rev. Stat., § 1047, does not apply.

The criminal proceedings and punishment for public wrongs provided by Rev. Stat., §§ 1979–1981 and 5510 and the actions in law and equity for the redress of private injuries resulting from violations of laws of the United States also provided by §§ 1979–1981 are distinct.

The term "penalty" involves the idea of punishment for infraction of the law and includes any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered; while in a civil suit the amount of recovery for such damages is determined by the extent of the injury received and the elements constituting it.

194 Fed. Rep. 88, affirmed.

THE facts, which involve the construction and application of the statute of limitations of the State of Louisiana to claims for damages for personal assaults, are stated in the opinion.

*Mr. W. S. Parkerson* and *Mr. E. A. O'Sullivan* for plaintiff in error.

*Mr. Charles S. Rice, Mr. R. B. Montgomery* and *Mr. Alfred Billings* for defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Action for damages for personal assault upon plaintiff in error, herein called plaintiff, by defendants in error, referred to as defendants, in the sum of sixty thousand dollars.

The petition alleges that defendants and others were indicted for violating § 5508 of the Revised Statutes of the United States. The indictment is set out in the petition and charges, with the usual verbosity of such instruments,

that an election was held in the parish of Jefferson, State of Louisiana, on November 3, 1908, for presidential electors, members of Congress, and certain municipal officers under and in accordance with the laws and Constitution of the United States; that certain named persons were, as defendants well knew, qualified to vote at such election, that such persons were at the polling places with the intention and for the purpose of voting, and, knowing this, the defendants feloniously conspired and confederated with each other and other persons to intimidate and prevent and did prevent by the use of deadly weapons such persons from voting.

It is alleged that the indictment further charged in a second count, a violation of § 5509 in that the defendants, with other named persons, conspiring to intimidate the voters named in the first count from voting at the election named, "did then and there, with force and arms, armed with dangerous weapons, to-wit: pistols, guns, scissors, wilfully and maliciously, unlawfully and feloniously and upon" the defendant commit an assault, and with the purpose and in the disposition described, "with a dangerous weapon, to-wit: a pair of scissors, inflict a wound less than mayhem."

That the defendants herein were convicted on both counts and sentenced to fine and imprisonment, and upon appeal to the Circuit Court of Appeals the conviction, sentence and fine were affirmed.

That the defendants conspired to prevent and did prevent the voters named in the indictment from voting and that in furtherance of the conspiracy plaintiff was maliciously and without cause or provocation "cut, bruised, beaten, his face and eye blackened, his beard cut, he knocked down senseless, and other indignities were heaped upon him" by the defendants, for which he has suffered damages in the sum of $60,000.

That plaintiff is sixty-five years of age, has practiced

law and held positions of honor and trust in the State, having been district attorney, state senator, and city attorney for the city of New Orleans.

The petition recites the injuries plaintiff received in defending himself from the assault upon him, and that he "was forced to appear in public, in performing his duties, carrying on his person the signs of the degradation and humiliation placed upon him."

The items of damage are set out as follows: For the wounding less than mayhem, $25,000; for humiliation, degradation and public ridicule and pain of mind, $25,000; punitive and exemplary damages, $10,000. Judgment was prayed for $60,000, the sum of these items.

Exception was filed to the petition on the ground that the damages having, as it is alleged, been inflicted November 3, 1908, more than two years and five months before the filing of the petition, the action is barred "by the prescription of one year from and after the day on which such damages were sustained, under the provisions of Articles 3536 and 3537 of the Civil Code of the State of Louisiana. Dismissal of the suit was prayed. The plea of prescription was sustained and the sole question pressed by counsel and which we are called upon to decide is the application of the state statute to the conceded cause of action. The court in passing upon the application of the statute of limitations said that plaintiff conceded that if the action was to be governed by the state statute it was prescribed, but he contended that it was an action for a penalty and governed by the prescription of five years, established by § 1047 of the Revised Statutes of the United States. The court was of opinion that the action was for "remedial damages and not for a penalty," and maintained the plea of prescription, citing *Campbell* v. *Haverhill*, 155 U. S. 610; *Brady* v. *Daly*, 175 U. S. 148, and dismissed the action with costs.

Judgment of the Circuit Court was affirmed by the
VOL. CCXXXIII—21

Circuit Court of Appeals. The court decided that the action was one for damages and not for a penalty and the limitations of five years against penalties or forfeitures (Rev. Stat., § 1047) was not applicable. It followed, the court said, that the state statute, which prescribes the action in one year, must be applied, citing §§ 3536 and 3537 of the Civil Code of Louisiana. 194 Fed. Rep. 88.

The opinions of the lower courts exhibit the contentions in the case, and the short question presented is whether the action is for damages or for a penalty. If for a penalty, § 1047 of the Revised Statutes applies, which provides: "No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained . . . unless the same is commenced within five years from the time when the penalty or forfeiture accrued." If for damages, the provisions of the Louisiana Code are applicable. They are as follows: Article 3536. "The following actions are also prescribed by one year:

That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or *quasi*-offenses."

And the prescription runs from the day the damage is sustained. Section 3537.

That the action depends upon or arises under the laws of the United States does not preclude the application of the statute of limitations of the State is established beyond controversy by cases cited by the Circuit Court and by *McLaine* v. *Rankin*, 197 U. S. 154, 158.

It is, therefore, not necessary to pursue in detail the argument of plaintiff based on the postulate that "the Sovereign alone can limit the right of action," and that because injury was inflicted on him in the course of violating Federal laws the limitation of the State could not apply. Congress, of course could have, by specific provision, prescribed a limitation, but no specific provision is ad-

duced. The limitation of five years is asserted on the ground that the action is for a penalty, and that it is such is deduced from the provisions of Title XXIV of the Revised Statutes securing equal civil rights to all citizens.

These provisions secure to all citizens the same rights that white citizens enjoy and make every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, deprives another of the rights secured, liable "to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Section 1979.

It is also provided that if a conspiracy be entered into between two or more persons to deprive another of the equal protection of the laws, or of equal privileges and immunities under the laws, and the persons conspiring to or cause to be done any act in furtherance of the object of the conspiracy whereby another is injured in his person or property, or deprived of having or exercising any right or privilege as a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators. Section 1980.

Any one having knowledge of the wrongs conspired to be done and who, having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, shall be liable to the party injured or his legal representatives in an action on the case. Any number of defendants may be joined in the action. If the death of any party be caused by such act or neglect, the legal representatives of the deceased shall have an action therefor and may recover not exceeding $5,000 for the benefit of the widow of the deceased, if there be one, and, if there be no widow, then for the benefit of the next of kin. But no action under the provisions of the section can be sus-

tained which is not commenced within one year after the cause of action accrued. Section 1981.

Conspirators to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of his rights under the Constitution and laws of the United States, or because of his having so exercised the same, shall be fined not more than $5,000 and imprisoned not more than ten years; and shall, moreover, be ineligible to office under the United States.    Section 5508.

If in violating any of the provisions of the two preceding sections any felony or misdemeanor be committed, the offender shall be punished as provided in the state laws.

And every person who, under color of any law, etc., subjects or causes to be subjected any inhabitant of any State or Territory to the deprivation of rights under the laws and Constitution of the United States shall be fined not more than $1,000 or be imprisoned not more than one year, or both.    Section 5510.

There are other criminal provisions not necessary to mention.

It will be observed, therefore, that the sections of the Revised Statutes, which we have quoted, provide criminal proceedings and punishment for the public wrong, and actions in law or equity for the redress of any private injury, with a limitation in one instance of the amount of recovery and of the time for commencing the action to one year.

The penal and remedial provisions are, therefore, distinct and cannot be confounded. The term "penalty" involves the idea of punishment for the infraction of the law, and is commonly used as including any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered. *United States* v. *Chouteau*, 102 U. S. 603, 611; *Huntington* v. *Attrill*, 146 U. S. 657, 666, 667. There is no justification for the contention of plaintiff, therefore, that the

remedy provided for a penalty and the limitation of time of bringing an action is five years under § 1047. It is very clear that the public wrong is punished by the fines and punishment prescribed, that the private injuries inflicted are to be redressed by civil suit, and the amount of recovery is determined by the extent of the injury received and the elements constituting it. This plaintiff indicates in his pleading, praying damages in the sum of $25,000 "for the wounding less than mayhem," $25,000, "for the humiliation, degradation and public ridicule," and $10,000 "as punitive and exemplary damages."

*Judgment affirmed.*