### BRABHAM et al. v. COOPER et al.

District Court, E. D. South Carolina.
Feb. 25, 1935.

J. D. E. Meyer, of Charleston, S. C., and Edgar A. Brown, of Barnwell, S. C., for petitioners.

Claud N. Sapp, U. S. Atty., of Columbia, S. C., for defendants.

MYERS, District Judge.

On the petition herein, a temporary restraining order was issued enjoining the defendant R. M. Cooper, as United States collector of internal revenue of the state of South Carolina, Nollie Robinson, as acting investigator in charge of the alcohol tax unit, having the authority to enforce and collect taxes in this district, and J. C. Dial, as deputy collector of internal revenue within the Eastern District of South Carolina, from collecting or attempting to collect from the petitioners, and other liquor dealers in this district included within its terms and provisions who should intervene as parties plaintiff, the "special excise tax" of $1,000 imposed on brewers, distillers, liquor dealers, dealers in malt liquors, and manufacturers of stills in any state, territory, or district of the United States in which the carrying on of such business is prohibited by local or municipal law.

Petitioners allege that they have paid the permit tax imposed upon liquor dealers un-der section 205, subd. (b), tit. 26 USCA of the Revenue Laws, and have the receipt of the proper official therefor in the nature of a permit to conduct such business free from further tax exactions.

It is not denied that, having issued such tax receipts or permits, the authorities charged with that duty in South Carolina are threatening to levy and collect as an additional tax, in the usual manner of direct levy pursued in enforcement of tax payments, the "special excise tax" imposed under section 206, tit. 26 USCA, reading as follows: "On and after July 1, 1926, there shall be levied, collected, and paid annually, a special excise tax of $1,000, in the case of every person carrying on the business of a brewer, distiller, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquor, retail dealer in malt liquor, or manufacturer of stills, as defined in sections 202 to 205, inclusive, and section 241 of this title, in any State, Territory, or District of the United States contrary to the laws of such State, Territory, or District, or in any place therein in which carrying on such business is prohibited by local or municipal law. The payment of the tax imposed by this section shall not be held to exempt any person from any penalty or punishment provided for by the laws of any State, Territory, or District for carrying on such business in such State, Territory, or District, or in any manner to authorize the commencement or continuance of such business contrary to the laws of such State, Territory, or District, or in places prohibited by local or municipal law."

It is not necessary to inquire into the allegation that petitioners were informed by the collector when paying the privilege tax under section 205, tit. 26 USCA, that they were not required to pay further taxes. Respondent collector denies having made such representation. The collector had no such authority. Utah v. U. S., 284 U. S. 534, 535, 52 S. Ct. 232, 76 L. Ed. 469; Utah Power & Light Co. v. U. S., 243 U. S. 389, 402, 37 S. Ct. 387, 61 L. Ed. 791.

Nor should the contention of petitioners that the act would not apply to South Carolina be considered as a serious proposition. The right of a citizen to bring into the state one quart of liquor each month by obtaining a permit from the proper authority cannot be construed as in any sense permitting the sale of liquors within the borders of the state, and in fact such sale is prohibited, and the section applies either as a tax or a penalty.

■ The attack upon the constitutionality of section 206, tit. 26 USCA, fails on all grounds. Its uniformity is unlimited in its application to territory where sales were prohibited at the time of its passage or at any time thereafter before repeal. U. S. v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Edye v. Robertson, 112 U. S. 580, 5 S. Ct. 247, 28 L. Ed. 798; U. S. v. Singer, 15 Wall. (82 U. S.) 111, 121, 21 L. Ed. 49; Phillips v. Commissioner, 283 U. S. 589, 591, 51 S. Ct. 608, 75 L. Ed. 1289, and cases there cited.

■ The repeal of national prohibition and subsequent legislation by the Congress did not repeal the act under consideration. It was enacted as a Revenue Statute in 1918 (section 1001, 40 Stat. 1128), prior to the passage of the Eighteenth Amendment, and re-enacted as section 701, par. 1, of the Revenue Act of 1926 (26 USCA § 206). It cannot be held to be a part of the legislation adopted to make the Eighteenth Amendment effective, or to have any relation thereto. United States v. La Franca, 282 U. S. 568, 572, 51 S. Ct. 278, 75 L. Ed. 551.

The government's suggestion that United States v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, has any application to this proceeding cannot be supported. The effort here is to prevent a distress against an individual; not limited to process of seizure of illegal stock or fixtures.

In approaching consideration of the remaining questions, the court is confronted with the rather amazing proposition that petitioners are not entitled to relief in a court of equity, in that they base their petition on the assertion that they are entitled to equitable relief on a showing and confession that they are violating the laws of the state of South Carolina. This court realizes fully that respondents are here in their official capacity, acting under rulings and orders of their superiors. Yet it cannot refrain from commenting (however reluctantly, in that its comments may be construed into criticism of and reflection upon departmental methods and practices) upon the picture of those representatives of government, familiar with the laws and with rulings governing the basic occupation involved in this controversy, receiving from citizens of this state, in which liquor sales are prohibited —a fact presumed to be within their knowledge—the amount of the tax assessed against those engaging in the business of liquor dealers under section 205, 26 USCA, without informing such persons of the additional tax they will be subject to under section 206, if they make use of the privilege for which they have thus paid, under an apparent promise of immunity from further governmental exactions. It may well be asked whether the government is not estopped in all good conscience. And it may well be said that at least in effect the authorities by this method recognize the "special excise tax" provision of section 206 as a penalty. Should representatives of the revenue bureau encourage or permit, at a revenue price, unlawful business for the purpose of gaining further revenue? Is it not in effect fostering offenses against the state law for the purpose of enforcing, not a further tax, but a penalty? This notwithstanding the knowledg imputed to such taxpayers of the special "tax" provision of section 206.

I can find no authority for so holding, but is it not a logical conclusion that having provided in section 205 a specified tax to be paid by all liquor dealers, if its purpose was to aid in enforcement of state prohibition laws, Congress would have added a provision in section 205 fixing a tax of a prohibitive amount in such states? Section 205 applying here was enacted in 1875 (Act Feb. 8, 1875, § 18, 18 Stat. 311); section 206 in 1924 (Revenue Act 1924, § 701, par. (9) —a re-enactment of similar provisions in section 1001 of the Revenue Act of 1918.

This brings us to consideration of whether section 206 is a penalty statute or a tax revenue measure.

■ Interpretations of the law by those charged with its enforcement are generally of great weight, sometimes have the force of law, and should not be set aside unless clearly erroneous. Gratiot v. U. S., 4 How. (45 U. S.) 80, 11 L. Ed. 884; United States v. Philbrick, 120 U. S. 52, 7 S. Ct. 413, 30 L. Ed. 559.

In United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 280, 75 L. Ed. 551, the Supreme Court, passing upon taxes and penalties under the laws conforming to and affecting national prohibition, said: "By Section 35, supra [27 USCA § 52] it is provided that upon evidence of an illegal sale under the National Prohibition Act, a tax shall be assessed and collected in double the amount now provided by law. This, in reality, is but to say that a person who makes an illegal sale shall be liable to pay a 'tax' in double the amount of the tax imposed by preexisting law for making a legal sale, which existing law renders it impossible to

make. A 'tax' is an enforced contribution to provide for the support of government; a 'penalty,' as the word is here used, is an exaction imposed by statute as punishment for an unlawful act. The two words are not interchangeable, one for the other. No mere exercise of the art of lexicography can alter the essential nature of an act or thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such. That the exaction here in question is not a true tax, but a penalty involving the idea of punishment for infraction of the law is settled by Lipke v. Lederer, 259 U. S. 557, 561, 562, 42 S. Ct. 549, 66 L. Ed. 1061. See also Regal Drug Corp. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318. There is nothing in United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, or Murphy v. United States, 272 U. S. 630, 47 S. Ct. 218, 71 L. Ed. 446, to the contrary. The first of these cases was a proceeding to forfeit an automobile because used in violation of law; the other was a suit in equity to enjoin the occupation and use of premises for a year because used in the commission of offences under the National Prohibition Act, and to abate the maintenance as a nuisance. The distinction made by these four cases is that in the first two, the purpose of the proceedings was punishment; while, as to the other two, the purpose in the first case was to enforce a simple tax, not one which had been, as here, converted, by a change of its nature, into a penalty, and in the second case the purpose was prevention. Murphy v. United States, supra, page 632 of 272 U. S., 47 S. Ct. 218."

At this period, section 701, par. 2 (section 192, tit. 26 USCA), provided that upon failure to pay the special tax of $1,000, the dealer would be subject to a penalty of not more than $1,000 or to imprisonment of not more than one year, or both, in the discretion of the court.

Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 550, 66 L. Ed. 1061, with reference to the National Prohibition Act (27 USCA) quotes United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, as follows: "It is a comprehensive statute intended to prevent the manufacture and sale of intoxicating * * * beverages." Section 29 of title 2 of the act (27 USCA § 46), imposing penalties for violation, and section 35, tit. 2 (27 USCA § 52), reading as follows, are considered: "All provisions of law that are inconsistent with this chapter are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This chapter shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this chapter relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

The court says:

"The mere use of the word 'tax' in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. Bailey v. Drexel Furniture Co. [Child Labor Tax Case], 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817 [21 A. L. R. 1432]. When by its very nature the imposition is a penalty, it must be so regarded. Helwig v. United States, 188 U. S. 605, 613, 23 S. Ct. 427, 47 L. Ed. 614. Evidence of crime (section 29) is essential to assessment under section 35. It lacks all the ordinary characteristics of a tax, whose primary function 'is to provide for the support of the government' and clearly involves the idea of punishment for infraction of the law—the definite function of a penalty. O'Sullivan v. Felix, 233 U. S. 318, 324, 34 S. Ct. 596, 58 L. Ed. 980.

"The collector demanded payment of a penalty, and section 3224 [26 USCA § 154], which prohibits suits to restrain assessment or collection of any tax, is without application. And the same is true as to statutes granting the right to sue for taxes paid under protest. A revenue officer without notice has undertaken to assess a penalty for an alleged criminal act and threatens to enforce payment by seizure and sale of property without opportunity for a hearing of any kind.

"Section 35 prescribes no definite mode for enforcing the imposition which it directs, and, if it be interpreted as above stat-

ed, we do not understand counsel for the United States claim that relief should be denied to the appellant. Before collection of taxes levied by statutes enacted in plain pursuance of the taxing power can be enforced, the taxpayer must be given fair opportunity for hearing; this is essential to due process of law. Central of Ga. Ry. v. Wright, 207 U. S. 127, 136, 138, 142, 28 S. Ct. 47, 52 L. Ed. 134, 12 Ann. Cas. 463. And certainly we cannot conclude, in the absence of language admitting of no other construction, that Congress intended that penalties for crime should be enforced through the secret findings and summary action of executive officers. The guaranties of due process of law and trial by jury are not to be forgotten or disregarded. See Fontenot v. Accardo (C. C. A.) 278 F. 871."

In United States v. La Franca, supra, the decision is, it is submitted upon the doubling of the tax imposed by section 701 (section 206, 26 USCA). This court is impressed with the Supreme Court's view of the provision as a "penalty involving the idea of punishment for infraction of the law," citing Lipke v. Lederer, supra.

■ There is no distinction between the doubling of a tax imposed in a prior statute, and a special additional tax to that imposed, by prior statute, where the assessment is dependent upon evidence of infraction of existing laws, state or local.

Treasury Decision of the United States No. 3011, approved July 30, 1926, placed under the caption classed as penalties the $1,000 tax provision of section 701, par. 1, Revenue Act 1926 (26 USCA § 206).

It is contended that the nature of the imposing provisions of section 701 was changed by repeal of the Prohibition Act, and that Treasury Department Instructions, issued September 10, 1934, ruled the provisions of section 701 as a special tax to be assessed. Therein, district supervisors are instructed to make investigations and report those liable for the "special excise tax," and the records of the collector of internal revenue of those to whom "special tax stamps" have been issued is declared to be evidence of purchasers' liability under section 701.

The inescapable conclusion of this court is that having issued permits under section 205, 26 USCA, without notice of further tax, or of special tax or strip stamps to show payment of the $2.20 production tax, evidence of illegal sales is still indicated as necessary, fixing conclusively the department's attitude toward the "special excise tax" under section 701, par. 1 (section 206, tit. 26 USCA), as of a prohibitive nature and therefore consistent with its former classification as a penalty statute. Instructions to proceed with enforcement in the usual manner provided for the collection of taxes is not supported by the text of the ruling and is contrary to the due process right of petitioners.

■ It is admitted that provision is made for recovery of taxes illegally collected (section 156, tit. 26 USCA), but the payment of a penalty is final and action barred. Hence, equity jurisdiction is invoked and is available. Fontenot v. Accardo (C. C. A.) 278 F. 871. See, also, Lipke, Regal Drug, and La Franca Cases, supra, which also hold that a penalty cannot be collected by distraint.

Section 3224, Rev. St. (26 USCA § 154) "is general and should not be construed as abrogating, by implication, the other equitable principle which permits suit to restrain collection where not only is the exaction illegal but there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence." Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422.

As to commissioners' authority or official obligation to collect a tax depending upon an assessment by the commissioners, see title 26 USCA §§ 102 and 104.

■ And see authority for injunction when collector is exceeding his authority. Frazer v. Russell, Fed. Cas. No. 5067; Thome v. Lynch (D. C.) 269 F. 995, 1007; Nichol v. Gaston (C. C. A.) 281 F. 67, 73.

■ The court has reached the conclusion that the "special excise tax" of $1,000 provided by section 206, tit. 26 USCA, is a penalty attaching upon proof of violation of state or local law prohibiting the sale of liquor, and cannot be enforced without giving the individual charged an opportunity to be heard under due process.

Let a decree be presented in conformity with this opinion.