## B. SIMON HARDWARE CO. et al. v. NELSON, Chairman, WPB, et al.

### No. 20660.

District Court of the United States for the District of Columbia.

Sept. 17, 1943.

On Rehearing Nov. 2, 1943.

Joseph Wahrhaftig, of San Francisco, Cal., Robert E. Sher, Wm. J. Dempsey, and Wm. C. Koplovitz, all of Washington, D. C., for plaintiffs.

John Lord O'Brian, Gen. Counsel, WPB, and Loring M. Staples, Head Atty., Legal Division, WPB, both of Washington, D. C., Tom C. Clark, Asst. Atty. Gen., Dept. of Justice, and Walker Smith and Pierce W. Bradley, Sp. Assts. to Atty. Gen., Dept. of Justice, for defendants.

BAILEY, Justice.

I am satisfied that the "Suspension Order" of the defendants was not an allotment but a penalty imposed upon the plain-

tiffs for a violation of the regulations issued by the War Production Board. There is no authority in the statutes for the imposition of a penalty for a violation of these regulations by the War Production Board. The penalty sought to be imposed is one for the benefit of the public, not for a private individual, and such a drastic power will not be implied. Wallace v. Cutten, 298 U.S. 229, 56 S.Ct. 753, 80 L.Ed. 1157; United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551; O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980. The statute under which the defendants are acting, Second War Powers Act of 1942, § 301, 50 U.S.C.A. Appendix, § 633, provides for criminal proceedings in the courts for the punishing of a violation of the defendants' regulations; I think in view of this provision there is less ground for any construction of this statute that would imply the imposition of penalties by the defendants. The question before the Court is not what are the War powers of the Government but what powers have been vested in the defendants by the Congress.

█ Nor is there any force in the contention of the defendants that they exercised this power before the statute was amended, and that this departmental practice was impliedly approved, because it was not specifically taken away. But this practice had continued for such a brief period that no presumption of implied approval would arise.

In my opinion the Congress has not authorized the imposition of this penalty upon the plaintiffs, and the motion of the defendants for a summary judgment will be overruled.

The trial of the case on the merits will be advanced for hearing and set for Wednesday, October 6, 1943, at 10 o'clock A. M. The temporary restraining order will be continued as an injunction pendente lite.

As the motion of the defendants has been decided on a question of law, it is unnecessary to pass upon the plaintiffs' motion to strike certain affidavits of the defendants.

## On Motion for Rehearing

The defendants claim that the Suspension Order imposed upon the plaintiffs was not a penalty but is an exercise of the allocation and priority powers. The regulation of the defendants No. 944.18 is entitled "Violations and Penalties", which provides that any person violating the provisions of the regulations may be prohibited by the Director of Industry Operations from making or obtaining further deliveries of material under priority control and may be deprived of further priorities assistance. The Director of Industry Operations may also take any other action deemed appropriate, including the making of a recommendation for prosecution under Section 35(A) of the Criminal Code, 18 U.S.C.A. § 80.

The notice given by the defendants to the plaintiffs of its proposed action contains this statement: "You are hereby notified that this matter will be presented to a Compliance Commissioner of the War Production Board for his recommendations as to the imposition of administrative penalties against you."

Pursuant to hearing based upon this notice the Suspension Order involving this case was issued.

No question has been raised as to the constitutional power of the defendants to allocate and reallocate materials or to discontinue or establish or disestablish priorities under the powers given them by the Act of Congress. On the other hand, nothing can be found in the Act justifying the imposition of penalties as a punishment for prior conduct, and the use by the defendants of the word "penalties" both in its regulations and in the notice given to the plaintiffs necessarily involves the idea of punishment. The fact that Congress has given such a power to the Secretary of Agriculture in the Commodity Exchange Act, 7 U.S.C.A. § 1 et seq., rather gives rise to the implication that it failed to give such power to the defendants was intentional.

I am still of the opinion that no power has been given to the defendants to impose penalties. It is true that the power given to allocate and to reallocate materials may frequently bring about a like result, but where this power is used expressly for the purpose of imposing a penalty, I think that there is no justification for such action under the Act of Congress.

The motion for rehearing will be overruled.