## PANTELEO v. BROWN, Administrator, Office of Price Administration.

District Court, S. D. New York.

Dec. 6, 1943.

Vincent A. Giaquinto, of New York City, for plaintiff.

Fleming James, Jr., Chief, Litigation Branch, and Lowell J. Grady, Sp. Litigation Atty., both of Washington, D. C., and Mitchell Jelline, District Enforcement Atty., of New York City, for defendant.

210

RIFKIND, District Judge.

The Office of Price Administration, having by one of its Hearing Commissioners ordered that plaintiff, for a period of 30 days, "shall not acquire or receive, directly or indirectly, nor shall dispose of Gasoline as defined in Ration Order No. 5–C," the plaintiff commenced an action to restrain the suspension order, and brought on this motion for a preliminary injunction.

He assigns the following grounds in support of his motion:

(a) Said regulation 1394.8302, referring to suspension orders, is contrary to the Fifth Amendment of the Constitution, in that it deprives plaintiff of the right to sell gasoline and use appliances in connection therewith and subjects plaintiff to a penalty without judicial action, review or hearing in the making of the order complained of;

(b) Said regulation is an unlawful delegation of judicial power contrary to the provisions of Article III, Section 1 of the Constitution of the United States, in that it deprives plaintiff of the right to sell gasoline and use appliances in connection therewith, and subjects plaintiff to a penalty without judicial action, review or hearing of any kind in the making of the order complained of;

(c) Said regulation constitutes an unlawful delegation of legislative authority by Congress, contrary to the provisions of Article I, Section 1 of the Constitution of the United States;

(d) That there is no legislative authority for the promulgation of the regulation.

The same question has thrice been considered by the district courts. Wilemon v. Brown, D.C.N.D.Tex., September 29, 1943, 51 F.Supp. 978, and B. Simon Hdw. Co. v. Nelson, D.C.D.C., September 17, 1943, 52 F.Supp. 474, held the regulation invalid and enjoined the enforcement of such suspension orders. Judge Lovett in Perkins v. Brown, D.C.S.D.Ga., November 15, 1943, 53 F.Supp. 176, held it valid and denied an injunction.

I agree with the latter view. To reach this result I find the legislative history of ration control, as disclosed in Judge Lovett's opinion, particularly persuasive. Moreover, I have no doubt that the power to allocate a ration must necessarily include the power to withhold or refuse an allocation. Were the suspension order called a reduction of ration, it would more clearly appear that it was an inevitable incident of rationing. Every ration board in the country withholds that which it does not grant. The mere fact that the Office of Price Administration has surrounded suspension orders with the terminology, procedure and form of quasi-judicial proceedings does not change their inherent character.

Motion denied. Settle findings and order on five days notice.