## L. P. STEUART & BRO., Inc., v. BOWLES et al.

### Civ. A. No. 22634.

District Court of the United States for the District of Columbia.

Jan. 21, 1944.

Renah F. Camalier, of Washington, D. C., for plaintiff.

John L. Laskey, Dist. Enforcement Atty., O. P. A., of Washington, D. C., Carl W. Berueffy, Atty., O. P. A., of Boulder, Colo., and Fleming James, Jr., Director of Litigation Div., O. P. A., and Harry L. Shniderman, Atty., O. P. A., both of Washington, D. C., for defendants.

BAILEY, Justice.

The plaintiff is a retail dealer in various types of fuel oil in the District of Columbia and nearby areas; the defendants are the Administrator of the Office of Price Administration and District officials of that Agency.

Proceedings were instituted against the plaintiff in accordance with the regulations of the O. P. A. in which the plaintiff was charged with numerous violations of the regulations of the O. P. A., charging it inter alia with failure to turn over to its supplier coupons required to be delivered by the regulations; with a discrepancy between the coupons which the plaintiff had in its possession as against the amount of fuel sold; and various minor irregularities in the selling of fuel oil. Hearings were had before the Hearing Commissioner who sustained some of the charges, and found in favor of the plaintiff as to others.

Hearings were had on appeal to the Hearing Administrator, who sustained all the charges and entered the suspension order of which the plaintiff complains.

The plaintiff has sued to enjoin the enforcement of the suspension order. A temporary restraining order was issued and the case has come on for hearing on the plaintiff's motion for an injunction pendente lite. At the hearing the defendants moved orally for a summary judgment upon the ground that there are no material issues of fact in dispute.

Section 2(a) (2) of the Act of June 28, 1940, as amended by Second War Powers Act of 1942, § 301, 50 U.S.C.A.Appendix, § 633, provides: "Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense."

Section 2(a) (8) authorizes the President to delegate these powers to any department, agency, or officer of the Government.

Under the powers delegated to it, the O. P. A. promulgated numerous regulations including those regulating the allocation and sale of fuel oil and providing for the suspension of allocations of fuel oil to those who failed to comply with its regulations and of the right to sell fuel oil. In the instant case the power of the plaintiff to receive or deliver fuel oil was suspended upon certain conditions for the period from January 15, 1944 to December 31, 1944.

■ The plaintiff contends that the O. P. A. has no power to suspend the plaintiff's dealings in fuel oil, that the action of the O. P. A. is a taking of property without due process of law and is not authorized by either the Constitution or by the Act of Congress. But I think that the power to allocate includes the power to reallocate, or to put an end to an allocation. The power was given to the President to "allocate such material or facilities" (that is those for defense or for private account or for export) "in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national. de-

fense." If the agency which the O. P. A. may authorize to distribute the materials or facilities misuses its authority and privileges and violates the regulations promulgated for its guidance and control, I see no reason why the O. P. A. should not revoke the allocation to and the authority of the agency. If it can do this, it can do the lesser. If it can put an end to the allocation it can suspend it. As has been well said by defendants' counsel in their brief: "If the rationing regulations provided generally that only those dealers who in the past had observed the rationing regulations were eligible for allocations of rationed commodities * * * there could be little doubt that this provision would be an exercise of the statutory power to allocate and to prescribe the conditions for allocation."

■ The suspension order in this case is not like the suspension order issued by W. P. B. involved in the case of B. Simon Hardware Co. v. Nelson, D.C., 52 F.Supp. 474, in the nature of a penalty or punishment for past conduct, but for the protection of the public as to future action, to prevent a continuance of the violations of the regulations of the O. P. A. made for the protection of the public. There can be no question of the necessity of the preservation of those materials which are necessary both to the carrying on of the war and the health and existence of the people of the country, and the powers given to the President and to those whom he has chosen to carry out these objects are necessary and proper in time of war.

I agree in general with the reasoning of the Circuit Court of Appeals of the Fifth Circuit in its opinion recently handed down in the case of Brown, Adm'r v. Wilemon et al., 139 F.2d 730.

■ The plaintiff has argued that this suspension order will interfere with the needs of other agencies of the Government, but apart from any other consideration it is enough to say that none of them has sought to intervene in this case.

The motion of the plaintiff for an injunction pendente lite will be overruled, the temporary restraining order dissolved, and there being no material issue of fact, and no claim in the complaint that there was no substantial evidence to support the findings of the Hearing Administrator, the motion of the defendants for summary judgment will be sustained and the complaint dismissed with costs.