**SHUEY v. STATE OF MICHIGAN et al.**

No. 11069.

United States District Court
E. D. Michigan, Southern Division.

June 16, 1952.

Alonzo D. Pettiford, Detroit, Mich., for plaintiff.

Perry A. Maynard, Asst. Atty. Gen., for State of Michigan, Its Governor, Executives, Officer and Agents, John Doe and Richard Roe.

James M. Skillman and Charles S. Toy, Detroit, Mich., for Harry S. Toy.

M. F. Wolfgang, Detroit, Mich., for estate of Walter Norwood.

Paul T. Dwyer and Nathaniel H. Goldstick, Detroit, Mich., for City of Detroit, and Its Mayor.

KOSCINSKI, District Judge.

Plaintiff, a citizen and resident of the State of Illinois, was imprisoned at the State Prison of Southern Michigan at Jackson, Michigan for a period of seventeen years following conviction and sentence in Recorder's Court, in the City of Detroit, on a charge of armed robbery. Later, he was granted a new trial and acquitted.

Claiming that he was falsely deprived of his rights of liberty; that he was not accorded due process of law and equal protection of the laws under the Fourteenth Amendment to the United States Constitution; that he was falsely prosecuted and imprisoned under "pretended color of rights of the law;" that he was convicted on false and perjurious testimony; that he was subjected to involuntary servitude, contrary to the Thirteenth Amendment of the Constitution of the United States, he filed this suit for damages against the defendants named as follows: "The State of Michigan, a state and political division of the United States of America, its Governor, Executives, Officers and Agents, John Doe and Richard Roe, the City of Detroit, a municipal corporation of the state of Michigan, its Mayor, Harry S. Toy, Ex-Prosecuting Attorney for Wayne County, the estate of Walter Norwood, Juanita Oates, Detective Thompson, whose first name is unknown, but whose person is well known, Emmett Cunningham, John Doe and Richard Roe."

Motions to dismiss were filed by the State of Michigan, City of Detroit, the estate of Walter Norwood and Harry S. Toy, former Prosecuting Attorney of Wayne County, Michigan, these being the only defendants on whom service of summons was made.

Prior to the hearing of these motions plaintiff discontinued as to "the present Governor of the State of Michigan" and also to "the Mayor of the City of Detroit."

Amendment XI of the Constitution of the United States provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

It is elementary that the State is a sovereign and cannot be sued without its consent. If such immunity from suit is waived it must be under terms and conditions specified in such consent or in the waiver of its immunity from suit or liability. Besides, it appears that in the prosecution and imprisonment of the plaintiff in the state penal institution, the State was acting in its sovereign and governmental capacity, as distinguished from any proprietary or business function.

The only waiver of the State's immunity to suit under Michigan law is founded upon legislation establishing the Court of Claims under 27.3548(1) et seq., Mich.Stat.Ann.1951 Cum.Supp., Comp.Laws 1948, § 691.101 et seq. Plaintiff has not availed himself of this statute which provides under § 27.3548(11½) that:

"No claim shall be maintained against the state unless the claimant shall, within 1 year after such claim shall have accrued, file in the office of

the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state * * *."

Motion of State of Michigan to dismiss is granted.

 The motion to dismiss filed on behalf of the City of Detroit must likewise be granted, since immunity to suit is accorded not only to a State, but also to its political subdivisions, such as cities, when acting in a governmental capacity and performing governmental functions, as distinguished from proprietary or business functions. The alleged liability to suit of the City of Detroit stems from the charge that members of the Detroit City Police force were active in the prosecution of the plaintiff. The City of Detroit, a municipal corporation, acted in this matter in its governmental capacity, in maintaining an organized police force for the welfare, protection and safety of the people of the City of Detroit. In that respect its police department, whether created by home rule legislation, charter, or act of the Legislature, is an arm of the sovereign state. Tzatzken v. City of Detroit, 226 Mich. 603, 198 N.W. 214.

 Furthermore, if plaintiff's complaint be construed as based upon the Civil Rights Act, 8 U.S.C.A. § 43, the City of Detroit is not a "person" to subject it to liability under those acts. Hewitt v. City of Jacksonville, 5 Cir., 188 F.2d 423.

Defendant Harry S. Toy filed a motion to dismiss the complaint as to him on several grounds, only one of which need be considered here. This concerns the statute of limitations of personal actions, 4 C.L. 1948 § 609.13(3) Mich.Stat.Ann.1949 Cum. Supp. § 27.605(3) providing that actions for false imprisonment and malicious prosecution shall be brought within two years from the time the cause for action accrues, and not afterwards.

 Since the present action is one for false imprisonment and malicious prosecution, it falls within the provisions of the statute. Plaintiff in his brief represents. that he was acquitted by a jury in his second trial on November 4, 1949 of the crime of which he was convicted seventeen years earlier, and he bases his right to prosecute this action on the fact of his acquittal on November 4, 1949. Plaintiff's cause of action accrued on the day of his acquittal which was November 4, 1949. "Within two years" in this case means that his action had to be brought not later than November 4, 1951, which day fell on a Sunday. Plaintiff contends that because November 4, 1951 fell on a Sunday, the law allows him to file the suit the day following Sunday. This contention must be rejected.

 The time within which plaintiff's action must be brought is determined by the law of the state. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980. In Drake v. Andrews, 2 Mich 204, an appeal from a decree in chancery was required by statute to be entered within forty days from the making of such decree. It was held there that where the fortieth day was Sunday, the appeal could not be taken on the following Monday. The court quoting from Jackson, ex dem Bleecker v. Wiseburn, 5 Wend. 136, page 137, said:

" 'It is the ordinary course of the Court to enlarge the time to plead, or other time prescribed for any other purpose by the *rules* or *practice* of the Court, upon cause shown; but neither a commissioner in vacation nor the Court in term, can enlarge the time within which an act is to be done where such time is regulated by statute. The rules and practice of the Court being established by the Court, may be made to yield to circumstances to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the Court as from its suitors. The Court possesses no dispensing power.' "

The foregoing construction on the statute of limitations was followed in Sovey v. Ford Motor Co., 279 Mich. 313, 315, 272 N.W. 689, 690. The court held that a statutory period for appeal is strictly construed (citing cases), and adding:

"Recognizing a conflict of authority thereon, this court consistently has

held that statutory limitations of time in judicial proceedings, as distinguished from court rules, are imperative; and the period is not extended because the last day of the prescribed time falls on Sunday." (Citing cases)

In the filing of his suit plaintiff has failed to bring himself within the two years' limitation prescribed by statute, as construed by the Michigan Supreme Court, and this court must grant the motion of Harry S. Toy to dismiss as to him.

None of the remaining defendants have been served with process as yet, except the "Estate of Walter Norwood," for which a special appearance has been filed. The ruling here made on the statute of limitations is applicable to all the defendants named in this case, and, orderly court procedures require dismissal of the complaint as to all defendants, whether or not they were served with process or filed motions to dismiss.