**Walter J. MEYER, Plaintiff,**

v.

**Louis J. FRANK, Commissioner of Police, Nassau County Police Department, and Christopher Quinn, Trial Commissioner and Inspector, Nassau County Police Department, Defendants.**

**Robert J. CULLINAN, Plaintiff,**

v.

**Louis J. FRANK, Commissioner of Police, Nassau County Police Department, and Christopher Quinn, Trial Commissioner and Inspector, Nassau County Police Department, Defendants.**

Nos. 75-C-898, 75-C-1446.

United States District Court,
E. D. New York.

March 11, 1976.

David B. Ampel, for plaintiff Meyer; Ira Leitel, New York City, of counsel.

William F. Hanahan, Bellemore, for plaintiff Cullinan.

John F. O'Shaughnessy, County Atty. of Nassau County, for defendants; James Gallagher, New York City, of counsel.

## MEMORANDUM AND ORDER

COSTANTINO, District Judge.

The motions to dismiss in the two above named cases involve identical legal issues. Since the underlying facts are likewise identical, both motions are considered in this opinion.

Before examining the legal issues involved, a brief recitation of the facts is necessary. Messrs. Cullinan and Meyer were long-standing members of the Nassau County Police Department when, in 1970, a Nassau Grand Jury indicted them both for attempted grand larceny in the first degree. Both men pled not guilty.

On the day of indictment both Cullinan and Meyer were suspended from the police department without pay; subsequently, on July 2, 1970, both men were charged by the department with violations of department regulations. They both entered not guilty pleas in this civil proceeding.

A departmental trial scheduled for November 30, 1970 was adjourned several times until April 22, 1971. On that date, plaintiffs' requests for a further adjournment were denied and the departmental trial commenced.

On advice of counsel, both men appeared without counsel and refused to testify on their own behalf. Defendant Quinn, who was the trial examiner, found them guilty of the charges. On June 4, 1971 defendant Frank ordered that they be dismissed from the force.

In January 1972, the criminal case went to trial. On January 14, the jury returned a verdict of not guilty as to both men.

Both of the plaintiffs herein brought Article 78 proceedings in the state court seeking to set aside their removal on the grounds that they were denied their right to counsel in the administrative hearing. The Article 78 proceedings were dismissed by the New York State Supreme Court, Nassau County, in August 1971. The Appellate Division, 2d Department affirmed in October 1973 and in May 1973 Cullinan was denied leave to appeal by the Court of Appeals.[1] Later, both plaintiffs petitioned defendant Frank to reconsider his order of dismissal. Reconsideration was denied. Both the New York State Supreme Court and the Appellate Division affirmed the denial of reconsideration.

Plaintiffs filed these actions alleging jurisdiction pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. §§ 1983, 1985. Meyer's suit was commenced by service of summons and complaint on June 10, 1975. Cullinan's summons and complaint were served on September 5, 1975. The gravamen of plaintiffs' complaints is that the departmental trial violated their Fifth Amendment privilege against self-incrimination and their Fourteenth Amendment right to due process of law.

Defendants Frank and Quinn have moved to dismiss the complaints on various grounds. Since this court agrees that the action is barred by the statute of limitations, the other grounds need not be considered.

In determining the timeliness of an action brought under the Civil Rights Act, the federal court borrows the most analogous state statute of limitations. *Swan v. Board of Higher Education,* 319 F.2d 56 (2d Cir. 1963); *see O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). The three-year statute of limitations prescribed by New York CPLR § 214(2) (McKinney's 1963) is the most appropriate state statute for the cases at bar. *See Ortiz v. LaVallee,* 442 F.2d 912, 914 (2d Cir. 1971).

Since plaintiffs were dismissed from the Police Department in June of 1971 there is no question that, absent a tolling of the statute, these actions would be barred by the statute of limitations. Plaintiffs rely on *Kaiser v. Cahn,* 510 F.2d 282 (2d Cir. 1974) and *Mizell v. North Broward Hospital District,* 427 F.2d 468 (5th Cir. 1970), *reh. en banc den.* (1970), in arguing that the statute was, or should have been, tolled by

[1] The Court of Appeals denied Meyer leave to appeal in July 1973.

bringing the state court action, and that it did not begin to run again until mid 1973 when leave to appeal to the Court of Appeals was denied.

Nothing in *Kaiser* compels a decision that the statute should be tolled by the state court action. *Mizell* did not explicitly rule on the question of whether the statute of limitations therein should have been tolled, but merely remanded to the district court for reconsideration of that question in light of the federal policies involved.

The *Mizell* approach has been criticized and sharply limited by other courts, *see e. g.*, both the District Court and Court of Appeals decisions in *Ammlung v. City of Chester*, 355 F.Supp. 1300 (E.D.Pa. 1973); *aff'd* 494 F.2d 811 (3d Cir. 1974). Moreover, in *Blair v. Page Aircraft Maintenance*, 467 F.2d 815 (5th Cir. 1972), Judge Tuttle, who wrote the majority opinion in *Mizell*, stated that the 5th Circuit Court of Appeals have overruled *Mizell sub silentio* by failure to consider its application to the facts in *Blair*, 467 F.2d at 821 (Tuttle, J., dissenting). It is not necessary, however, to determine to what extent *Mizell* has been overruled by *Blair* or limited by *Ammlung* because the Supreme Court has recently set forth guidelines to be considered in determining whether federal courts should fashion a tolling provision when dealing with a state statute of limitations. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

In *Railway Express*, plaintiff argued that the state statute of limitations, applicable to his § 1981 claim, should have been tolled by his timely filing of an employment discrimination charge based on the same facts with the Equal Opportunity Commission. The Court began its analysis with the proposition that although federal policy considerations may sometimes overrule inconsistent state statutes of limitation, federal courts generally should rely on the state's "wisdom" as to time limitations and tolling periods. 421 U.S. 464–65, 95 S.Ct. at 1722, 44 L.Ed.2d at 304. The Court expressly noted, however, that the filing of a Title VII claim was not a prerequisite to bringing a § 1981 action, and that the two avenues of relief were independent, 421 U.S. at 460, 95 S.Ct. at 1720, 44 L.Ed.2d at 301. Johnson (the plaintiff in that case) could have filed his § 1981 action at any time after his cause of action had accrued; had he done so he could then have asked that the § 1981 proceedings be stayed until the Title VII claim was determined. 421 U.S. at 465–66, 95 S.Ct. at 1722, 44 L.Ed.2d at 304. Accordingly, the court found no persuasive federal policy requiring that the statute be tolled, and therefore held that the action was barred by the statute of limitations.

The analysis in *Railway Express* leads to a similar conclusion in the cases at bar. In interpreting the Civil Rights Act, the Supreme Court has pointed out that

> [t]he federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, 503 (1961).

■ Furthermore, an adverse decision in state court is not necessarily a bar to the federal suit. *Lombard v. Bd. of Education*, 502 F.2d 631 (2d Cir. 1974). In *Lombard*, plaintiff raised issues of statutory construction in the state court and then sought to raise constitutional issues in the federal court. In holding that the federal suit was not barred by the doctrines of res judicata or collateral estoppel, the court of Appeals said:

> Here, even if we would like to put all the issues in the same court, we are better off not to compel the plaintiff to seek constitutional redress in the state court or statutory construction in the federal court [citations omitted].

That is what we think choice of forum means in Civil Rights Act cases.

502 F.2d at 636.[2]

Under *Lombard*, plaintiffs' right to bring these claims at all, is directly dependent upon a finding that the claim advanced in state court was different from the claim advanced in federal court. If, however, the claims are different and alternative to each other, then the reasoning in *Railway Express* must control. As was true in *Railway Express*, plaintiffs could have filed their suits at any time after the cause of action accrued. By failing to do so, they, like the plaintiff in *Railway Express* have "slept" on their rights.

In *Railway Express*, the Supreme Court adopted a narrow view of the impact of that case on federal policies. 421 U.S. at 467, fn. 13, 95 S.Ct. at 1723, 44 L.Ed.2d at 305. Whether the impact of the cases at bar is viewed narrowly or broadly, no federal policy persuades this court that the statute of limitations should be tolled under these circumstances.

Accordingly, the motions to dismiss are granted.

---

2. The cases at bar are clearly distinguishable from *Lombard* in that here plaintiffs have raised one constitutional issue (right to be represented by counsel) in state court and now seek to raise two other constitutional issues (right against self incrimination and right not to be deprived of their calling without due process of law) in federal court. For purposes of determining whether the suit is time barred, it will be assumed that plaintiffs may validly raise these claims in federal court; nevertheless, it must be noted that plaintiffs are arguably seeking two bites at the "cherry." *Lombard, supra* at 637.