**Jerry B. PERSON, Plaintiff,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant.**

No. CIV–75–1011–T.

United States District Court,
W. D. Oklahoma.

Dec. 13, 1976.

Donald W. Davis, Oklahoma City, Okl., for plaintiff.

Ben Franklin and Harvey L. Harmon, Sr., Franklin, Harmon & Satterfield, Inc., Oklahoma City, Okl., for defendant.

## ORDER

THOMPSON, District Judge.

This action is one brought pursuant to 42 U.S.C. § 1981 to secure plaintiff's right to equal protection under the laws. The plaintiff claims that he was denied an opportunity to apply for a job with the defendant railroad on May 2, 1973, because of his race. This action was filed on December 1, 1975.

The defendant has moved for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. The major reason put forth by the defendant to show his entitlement to judgment is that the applicable statute of limitations is two years and this case was filed more than two years after the cause of action arose.

There is no federal statute of limitations for a cause of action under § 1981. Therefore, the controlling period of time is arrived at by reference to the most appropriate statute of limitations contained in state law. *Johnson v. REA*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) and *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). The United States Court of Appeals for the Tenth Circuit has held that the applicable Oklahoma Statute for actions under §§ 1983 and 1985 is the third portion of 12 O.S.1971, § 95 which provides in pertinent part:

> "Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> * * *
>
> Third. Within two (2) years: . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; . . ."

*Crosswhite v. Brown*, 424 F.2d 495 (10th Cir. 1970). The approach of the courts is that for any particular factual event the same statute of limitations should control all civil rights act counts whether brought under section 1981, 1983 or 1985. *Gordon v. City of Warren*, 415 F.Supp. 556 (E.D.Mich. 1976). It is therefore the conclusion of this Court that the above quoted Oklahoma statute is the applicable statute of limitations for a cause of action arising in Oklahoma under § 1981.

The filing with the EEOC under Title VII of the Civil Rights Act of 1964 does not toll the running of the pertinent statute of limitations. *Johnson v. REA*, supra, and *Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir. 1976).

The plaintiff argues that the defendant has not raised the statute of limitations in a timely or appropriate manner and therefore should not now be heard on this issue. The defendant first raised the statute of limitations in paragraph IX(4) of the

answer. That is as timely an assertion of the defense as could be expected.

· The plaintiff next asserts that this action is really a mandamus proceeding and the proper defense would be laches, not the statute of limitations. He argues that proceedings in mandamus were never regarded as an action at law, or a suit in equity, and are not, therefore, a civil action so as to be embraced within the statute of limitations.

It is unnecessary to decide whether this would be a proper case for the issuance of a writ of mandamus and whether this defendant is a proper person or entity to be served with such a writ. This is so, because, the writ of mandamus has been abolished by Rule 81(b) of the Federal Rules of Civil Procedure. Mandatory relief may now be obtained by means of a mandatory or an affirmative injunction. Wright and Miller, *Federal Practice and Procedure*: Civil § 3134. Rule 2 of the Federal Rules of Civil Procedure provides that there shall be one form of action to be known as "civil action". Consequently, this action in this Court must be viewed as a "civil action" irrespective of the historical antecedents to the relief sought by the plaintiff. The above quoted statute of limitations is applicable to civil actions and the Court is constrained to apply the two year statute of limitations to the plaintiff's cause of action under § 1981.

It appearing from the face of the pleadings that this action was not commenced within the applicable statute of limitations, the Court must, and therefore does, enter judgment for the defendant and against the plaintiff.